**Harry MILLOFF and Simon Milloff, Appellants,**

v.

**UNITED STATES of America and Abraham Goldkind, Appellees.**

**No. 16864.**

United States Court of Appeals District of Columbia Circuit.

Argued May 22, 1962.

Decided June 14, 1962.

Mr. Herman Miller, Washington, D. C., for appellants.

Mr. Alan D. Pekelner, Attorney, Department of Justice, of the bar of the Court of Appeals of New York, *pro hac vice,* by special leave of court, with whom Asst. Atty. Gen. Louis L. Oberdorfer, Messrs. David C. Acheson, U. S. Atty., Lee A. Jackson and Joseph Kovner, Attorneys, Department of Justice, were on the brief, for appellee, United States of America. Mr. John B. Jones, Jr., First Asst. to the Asst. Atty. Gen., Department of Justice, and Mr. Nathan J. Paulson, Asst. U. S. Atty., also entered appearances for appellee, United States of America.

Mr. Mark P. Friedlander, Washington, D. C., with whom Messrs. Mark P. Friedlander, Jr., and Blaine P. Friedlander, Washington, D. C., were on the brief, for appellee Goldkind.

Before FAHY, WASHINGTON and WRIGHT, Circuit Judges.

FAHY, Circuit Judge.

The United States sued in the District Court to foreclose a tax lien on property of David Milloff and his wife

Florence, for unpaid federal income taxes for the years 1945, 1946 and 1947.

David and his brother Simon had become co-owners of property in the District of Columbia described as Lot 834 in Square 424. On October 27, 1948, David, his wife Florence, and Simon, recorded a deed of trust on the property to secure a note in the sum of $13,000 payable to another brother, Harry Milloff.

Notice of the tax lien was filed by the United States on September 1, 1949. On the same day but shortly after the notice was filed David and Florence attempted to convey their interest in the property to Simon. Thereafter, on May 14, 1956, appellee Goldkind, who was a defendant in the District Court, obtained a judgment against Simon in the District Court.

The District Court held that the deed of trust and the note to Harry secured thereby were without consideration, had been executed in fraud of creditors, and were null and void. The court also held that the United States was entitled to recover from David and Florence $12,-847.21, with interest and costs, that the property in question was titled in fee simple in Simon but was subject to sale under the tax lien and under the judgment lien of Goldkind, the latter amounting to $8,637.00.

The District Court appointed a trustee to sell the property and distribute the proceeds in accordance with the above rulings, any balance which might remain to be paid to the attorney for Simon Milloff. These provisions of the judgment are not independently contested on the appeal.

The only dispute for decision by this court is over the adequacy of the evidence to support the findings of the District Court, particularly that the note and deed of trust in favor of Harry Milloff, recorded on October 27, 1948, were without consideration and in fraud of creditors.[1] There was substantial evidence to support the findings. They are not clearly erroneous.[2] And since the judgment rendered followed from the findings it is

Affirmed.

1. 12 D.C.Code § 401 (1961) provides that whether a transfer of property has been made with the intent to defraud creditors or other persons having just claims shall be deemed a question of fact and not of law.

2. Fed.R.Civ.P. 52(a), 28 U.S.C.A.